# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GONZALES GALVAN, | 1:10-cv-00251-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION DISMISSING CLAIM ONE FROM PETITION FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| DERRAL ADAMS, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 16, 2010.  (Doc. 1) Petitioner is challenging his 2001 conviction in the Fresno County Superior Court.  More specifically, Petitioner contends (1) that his plea of guilty was involuntary because he was unaware of the imposition of a restitution fine, and (2) the trial court abused its discretion by imposing an excessive restitution amount.

## DISCUSSION

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.        Failure to State Cognizable Claim-Claim Two

A challenge to the restitution fine does not affect the fact or duration of petitioner's custody.  See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (limiting § 2254 habeas to challenges to fact or duration of custody); United States v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002) (finding challenge to restitution fine not cognizable on habeas).  However, a challenge to the plea being involuntary because he would not have entered it had he known that the trial court would impose restitution is cognizable via § 2254.  See Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988) (defendant entitled to be informed of direct consequences of plea).

As previously stated, in Claim Two of the Petition, Petitioner contends that the trial court abused its discretion by imposing an excessive restitution fine.  This claim is not cognizable under section 2254 because it does not affect the fact or duration of Petitioner's confinement.  Accordingly, this claim should be dismissed from the petition.  However, liberally construed, it appears that Claim One of the Petition presents a cognizable challenge to his plea agreement.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.        Claim Two of the instant Petition be DISMISSED; and

2.        The instant Petition proceed on Claim One only.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within seven (7) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 16, 2010**                              /s/ **Dennis L. Beck**
                                                                                      UNITED STATES MAGISTRATE JUDGE