# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GONZALES GALVAN, | 1:10-cv-00251-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| RAUL LOPEZ, | [Doc. 13] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) following his plea of guilty to assault with great bodily injury, kidnapping for robbery, and kidnapping for ransom. After admitting numerous sentencing enhancements, Petitioner was sentenced on the kidnapping convictions to two consecutive life terms with the possibility of parole, plus two years for the enhancements. The trial court imposed a five year concurrent sentence for the assault conviction.

On May 1, 2002, the California Court of Appeal, Fifth Appellate District, found the trial court erred in imposing a two year sentence for the enhancements instead of the agreed upon

---

[1] This information is taken from the state court documents lodged with the Court by Respondent, which are not subject to dispute.

1

sentence of one year and four months.  The case was remanded back to the trial court for the purpose of imposing a sentence consistent with the plea agreement or to allow Petitioner to withdraw his plea.  The judgment was affirmed in all other respects.

Petitioner did not seek review in the California Supreme Court.

Petitioner filed two pro se state post-conviction collateral petitions.  The first petition was filed in October 2, 2007, in the Fresno County Superior Court.  The petition was denied on October 19, 2007.

The second state post-conviction collateral petition was filed in the California Court of Appeal, Fifth Appellate District.  The petition was denied on June 19, 2009.

Petitioner filed the federal petition for writ of habeas corpus on February 16, 2010.  Respondent filed the instant motion to dismiss on June 21, 2010.  Petitioner did not file an opposition.

DISCUSSION

A.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

///

///

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.     <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on February 16, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on July 25, 2002, the trial court resentenced Petitioner and amended the abstract of judgment. Petitioner did not file a petition for review in the California Supreme

1  Court.  Thus, the time to seek direct review ended upon expiration of the 60-day period following
2  resentencing in which Petitioner had to file an appeal with the California Court of Appeal, Fifth
3  Appellate District, i.e. September 23, 2002.  Cal. Rules of Court, Rule 30.1. Therefore, the one
4  year limitations period began on the following day, September 24, 2002, and absent tolling, was
5  set to expire on September 23, 2003.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.
6  2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of
7  statutory tolling applicable to the one year limitations period.)

8  C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

9       Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
10  application for State post-conviction or other collateral review with respect to the pertinent
11  judgment or claim is pending shall not be counted toward" the one year limitation period.  28
12  U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is
13  tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled
14  during the intervals between one state court's disposition of a habeas petition and the filing of a
15  habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also
16  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).
17  Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if
18  the state court explicitly states that the post-conviction petition was timely or was filed within a
19  reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis,
20  546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been
21  untimely in state court will not satisfy the requirements for statutory tolling. Id.

22    1.    Availability of Tolling

23       Here, Petitioner did not file any state post-conviction collateral actions within the one-
24  year limitations period.

25    2.    End of Limitations Period

26       As previously noted, the statute of limitations commenced running on September 24,
27  2002, and because Petitioner did not file any state post-conviction collateral petitions within the
28  one-year time frame, the statute of limitations expired on September 23, 2002.  Petitioner did not

file the instant federal petition until February 16, 2010-over six years after and the action is untimely.

3. <u>Subsequent State Post-Conviction Collateral Actions Do Not Toll Limitations Period</u>

The two state court post-conviction collateral actions do not qualify to toll the limitations period. The earliest of these actions was not filed until approximately October 2007, over four years after the expiration of the limitations period. As a consequence, the first and second state post-conviction petitions do not serve to extend the limitations period. <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001). In addition, the first action does not toll the limitations period for another reason. The first action was a motion for modification of sentence, which was filed over five years after Petitioner was sentenced. California Penal Code section 1170, provides that the superior court may, within 120 days of the date of commitment, recall a sentence and commitment previously ordered and resentence the petitioner. After that time period, the sentencing court does not have jurisdiction to vacate or modify the sentence. <u>Dix v. Superior Court</u>, 53 Cal.3d 442, 464 (1991). Because Petitioner did not comply with section 1170, the first action was not properly filed for purposes of section 2244 tolling.

4. <u>Equitable Tolling</u>

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Holland v. Florida</u>, __ S.Ct. __, 2010 WL 2346549 *9, 12 (June 14, 2010); <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993).

There is no basis in the record to warrant equitable tolling.[2]

///

///

---

[2] Because the instant petition is clearly untimely, the Court does not reach Respondent's additional argument regarding exhaustion of the state judicial remedies.

5

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition as untimely be GRANTED; and

2. The petition be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 29, 2010                            /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE